# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| REDNER'S MARKETS, INC., | Case No. 1:24-cv-11801 |
| Plaintiff, | Hon. Jeffrey I. Cummings |
| v. | |
| LAMB WESTON HOLDINGS, INC., *et al.*, | |
| Defendants. | |
| ALEXANDER GOVEA, on behalf of himself and all others similarly situated, | Case No. 1:24-cv-11816 |
| Plaintiff, | Hon. Matthew F. Kennelly |
| v. | |
| NATIONAL POTATO PROMOTION BOARD d/b/a POTATOES USA, *et al.*, | |
| Defendants. | |
| KAREN POLLACK, on behalf of herself and others similarly situated, | Case No. 1:24-cv-11864 |
| Plaintiff, | Hon. Sara L. Ellis |
| v. | |
| CAVENDISH FARMS, LTD., *et al.*, | |
| Defendants. | |
| SILVIYA SETTECASI, on behalf of herself and all others similarly situated, | Case No. 1:24-cv-11872 |
| Plaintiff, | Hon. Joan B. Gottschall |
| v. | |
| NATIONAL POTATO PROMOTION BOARD d/b/a/ POTATOES USA, *et al.* | |
| Defendants. | |
| ROSEMARIE MURO; TERESA CONTRERAS; AARON LANCASTER, | Case No. 1:24-cv-11963 |
| Plaintiffs, | Hon. Elaine M. Bucklo |
| v. | |

| | |
|---|---|
| MCCAIN FOODS, USA, INC., *et al.*, <br><br> Defendants. | |
| KATIE PATTERMANN, MYKAYLA PAGE, FERNANDO MARCELO LOPEZ, JOANN CHAMPAGNE, MALLORY FLANNERY, LAURA ANN OWENS, and TODD JONES, <br><br> Plaintiffs, <br> v. <br> NATIONAL POTATO PROMOTION BOARD d/b/a POTATOES USA, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-12031 <br><br> Hon. Edmond E. Chang |
| KING KULLEN GROCERY CO., INC., <br><br> Plaintiff, <br> v. <br> LAMB WESTON HOLDINGS, INC., *et al.*, <br><br> Defendants. | Case No. 1:24-cv-12076 <br><br> Hon. Georgia N. Alexakis |

### *MURO* PLAINTIFFS' MOTION PURSUANT TO LOCAL RULE 40.4 TO REASSIGN CASES AS RELATED

Plaintiffs Rosemarie Muro, Teresa Contreras, and Aaron Lancaster ("Plaintiffs") in *Muro, et al. v. McCain Foods USA, Inc., et al.*, No. 1:24-cv-11963 (N.D. Ill.), pursuant to Northern District of Illinois Local Rule 40.4, respectfully move this Court[1] to reassign six related class action cases to the Honorable Jeffrey I. Cummings, who is presiding over the first-filed action. The *Redner's Markets*, *Govea, Pollack, King Kullen, Patterman,* and *Settecasi* plaintiffs consent to this Motion.

---

[1] Plaintiffs in later-filed actions are permitted to file Local Rule 40.4 Motions to Reassign as Related with the District Judge in the first-filed action. *See, e.g.*, Ex. 1, *In Re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-8637 (N.D. Ill.)(Durkin, J.) at ECF No. 686, granted at ECF No. 708 (Ex. 2); *see also* Ex. 3, *Diparvine v. Ripple 1471, Inc., et al.*, No. 1:10-cv-5114 (N.D. Ill.)(Kennelly, J.) at ECF No. 8, granted at ECF No. 11 (Ex. 4). All "Ex. __" references herein are to the Declaration of Shana E. Scarlett filed contemporaneously herewith.

# I. INTRODUCTION

Since November 15, 2024, seven class action complaints against Defendants[2] have been filed in this district. All seven actions complain of a price-fixing conspiracy under federal or state antitrust laws involving Defendants' conspiracy to unlawfully increase the prices of Frozen Potato Products.[3]

All seven complaints allege that Defendants agreed to not compete on price. Instead, Defendants agreed to impose lockstep price increases. All seven complaints allege that Defendants imposed price increases within days of one another.[4] They allege that Defendants coordinated their price hikes and have succeeded at collectively raising the price of frozen potatoes. They also allege that, from July 2022 to July 2024, Frozen Potato Product prices increased 47%.

The primary differences between the complaints are the proposed classes. Two cases have been filed on behalf of direct purchasers of Frozen Potato Products and five cases have been filed on behalf of indirect purchasers of Frozen Potato Products. The class action complaints and the classes on whose behalf they allege claims follow:

- *Redner's Markets, Inc., v. Lamb Weston Holdings, Inc., et al.*, No. 24-cv-11801 (Cummings, J.) (Class defined as: All persons or entities that directly purchased Frozen Potato Products from one or more Defendants within the United States from January 1, 2021, until the time that the

---

[2] Defendants in the class actions are: Cavendish Farms Ltd.; Cavendish Farms, Inc.; Circana, LLC; J.R. Simplot Company; Lamb Weston BSW, LLC; Lamb Weston Holdings, Inc.; Lamb Weston Sales, Inc.; Lamb Weston, Inc.; Lamb Weston/Midwest, Inc.; McCain Foods Ltd.; McCain Foods USA, Inc.; and National Potato Promotion Board, d/b/a Potatoes USA. The *Redner's Markets* Complaint, *King Kullen* Complaint, and the *Pollack* Complaint do not name Circana, LLC nor the National Potato Promotion Board, d/b/a Potatoes USA as Defendants.

[3] Frozen Potato Products include frozen french fries, hash browns, tater tots, and other frozen potato products.

[4] Ex. 5, *Redner's Markets* Complaint ¶¶ 71–73; Ex. 6, *Govea* Complaint ¶ 43; Ex. 7, *Pollack* Complaint ¶¶ 39–40; Ex. 8, *Muro* Complaint ¶¶ 81–84; Ex. 9, *Settecasi* Complaint ¶ 43; Ex. 10, *Pattermann* Complaint ¶ 46; Ex. 11, *King Kullen* Complaint ¶¶ 71–73.

adverse effects of Defendants' anticompetitive conduct cease (the "Class Period"));[5]

- *King Kullen Grocery Co., v. Lamb Weston Holdings, Inc., et al.*, No. 24-cv-12076 (Alexakis, J.) (Class defined as: All persons or entities that directly purchased Frozen Potato Products from one or more Defendants within the United States from January 1, 2021, until the time that the adverse effects of Defendants' anticompetitive conduct cease (the "Class Period"));[6]

- *Alexander Govea, v. National Potato Promotion Board d/b/a Potatoes USA, et al.*, No. 1:24-Cv-11816 (Kennelly, J.) (Class defined as: "Nationwide Class. All natural persons, businesses, entities and corporations in the United States who indirectly purchased the Defendants' FPPs beginning on January 1, 2021, through the present day. In the alternative to the nationwide class, Plaintiff seeks to represent the following statewide sub-class: State Sub-Class. All natural persons, businesses, entities and corporations in the Illinois Brick repealer statute states who indirectly purchased the Defendants' FPPs beginning on January 1, 2021, through the present day.");[7]

- *Karen Pollack, v. Cavendish Farms, Ltd., et al.*, No. 24-cv-11864 (Ellis, J.) (Class defined as: "(the "Nationwide Class") defined as follows: All persons and entities who indirectly purchased Frozen Potatoes from defendants or co-conspirators for personal consumption between January 1, 2021 and the present." and "(the "State Law Class"): All persons and entities who indirectly purchased Frozen Potatoes from defendants or co-conspirators for personal consumption in Alabama, Arizona, Arkansas, California, Colorado, Connecticut, the District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Maryland, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and/or Wisconsin between January 1, 2021 and the present.");[8]

- *Silviya Settecasi, v. National Potato Promotion Board d/b/a Potatoes USA, et al.*, No. 24-cv-11872 (Gottschall, J.) (Nationwide Class. All natural persons, businesses, entities and corporations in the United States who indirectly purchased the Defendants' FPPs beginning on

---

[5] Ex. 5, *Redner's Markets* Complaint ¶ 65.

[6] Ex. 11, *King Kullen* Complaint ¶ 132.

[7] Ex. 6, *Govea* Complaint ¶ 34.

[8] Ex. 7, *Pollack* Complaint ¶¶ 64–65; Plaintiff Karen Pollack has moved to relate her case to the *Redner's Markets* action and reassign her case to Judge Cummings pursuant to Northern District of Illinois Local Rule 40.4 on November 22, 2024. *See Pollack* (ECF No. 9).

January 1, 2021, through the present day. . . In the alternative to the nationwide class, Plaintiff seeks to represent the following statewide sub-class: State Sub-Class. All natural persons, businesses, entities and corporations in the Illinois Brick repealer statute states who indirectly purchased the Defendants' FPPs beginning on January 1, 2021, through the present day…Arizona, California, Connecticut, District of Columbia, Florida, Illinois, Iowa, Kansas, Maine, Maryland, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, West Virginia and Wisconsin);[9]

- *Rosemarie Muro; Teresa Contreras; Aaron Lancaster v. McCain Foods, USA, Inc., et al.*, No. 24-cv-11963 (Bucklo, J.) (Class defined as: "(the "Nationwide Class") All persons or entities that indirectly purchased Frozen Potato Products from one or more Defendants or co-conspirators for personal consumption within the United States from January 1, 2021, until the time that the adverse effects of Defendants' anticompetitive conduct cease (the "Class Period")" and ("the Multi-State Class") All persons or entities that purchased Frozen Potato Products from one or more Defendants or co-conspirators for personal consumption in Alabama, Arizona, Arkansas, California, Colorado, Connecticut, D.C., Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin during the Class Period.").[10]

- *Katie Pattermann, Mykayla Page, Fernando Marcelo Lopez, Joann Champagne, Mallory Flannery, Laura Ann Owens, And Todd Jones, Plaintiffs, v. National Potato Promotion Board d/b/a Potatoes USA, et al.*, No. 1:24-Cv-12031 (Chang, J.) (Class defined as: "Nationwide Class. All persons who indirectly purchased FPPs for personal or household use in the United States from January 1, 2021 to the present. Plaintiffs also seek to represent the following statewide sub-class: State Sub-Class. All persons who indirectly purchased the Defendants' FPPs for personal or household use in in Arizona, California, Connecticut, District of Columbia, Florida, Illinois, Iowa, Kansas, Maine, Maryland, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto

---

[9] Ex. 9, *Settecasi* Complaint ¶¶ 64–66.
[10] Ex. 8, *Muro* Complaint ¶¶ 137–138.

Rico, Rhode Island, South Dakota, Tennessee, Utah, West Virginia and Wisconsin from January 1, 2021 to the present.").[11]

Pursuant to Local Rule 40.4, all the lawsuits should be reassigned to the calendar of Judge Cummings who presides over the earliest numbered case.

## II. ARGUMENT

Reassignment under Local Rule 40.4 provides for cases to be reassigned to a particular court to "promote[] efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common."[12] The rule enables "a motion with the judge before whom the lowest-numbered case of the claimed related set of cases is pending."[13]

Local Rule 40.4 requires two showings. First, the moving party must establish that the cases are related, by demonstrating: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same.[14]

Second, if related, a case may be reassigned to the calendar of a judge hearing an earlier-numbered case only if: (1) both cases are pending in this District; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding.[15]

---

[11] Ex. 10, *Pattermann* Complaint ¶ 64.

[12] *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008) (Kocoras, J.).

[13] *Pettitt v. Boeing Co.*, 606 F.3d 340, 342 (7th Cir. 2010).

[14] L.R. 40.4(a); *see also Velocity Patent LLC v. Mercedes-Benz USA, LLC*, 2014 WL 1661849, at *1 (N.D. Ill. Apr. 24, 2014) (Darrah, J.).

[15] L.R. 40.4(b); *see also Velocity Patent LLC*, 2014 WL 1661849, at *1.

Here, reassignment is appropriate because these antitrust lawsuits meet the requirements of Local Rule 40.4(a) and (b).

## A. The Lawsuits Are Related Under Local Rule 40.4(a)

The lawsuits are related under Rule 40.4(a) because the cases involve nearly *identical* issues of law and fact and grew out of the same transactions or occurrences. Moreover, the classes seek to recover the same property on behalf of direct and indirect purchasers of Frozen Potato Products. Several also involve identical or overlapping classes.

First, the cases share a common factual core. All Plaintiffs will seek to show that Defendants have engaged in a conspiracy since at least 2021 to fix and raise prices of Frozen Potato Products. Plaintiffs will seek discovery to prove that Defendants colluded in this market, through their direct communications and access to one another's competitively sensitive data, all to fix the prices of Frozen Potato Products at artificially inflated levels. All Plaintiffs alleged, and will seek to show, that while Frozen Potato Product prices increased, Defendants' input costs declined, and therefore that costs cannot explain the price increases.[16]

The cases also involve many of the same issues of law because they contain duplicative counts. All the complaints allege an antitrust claim under Section 1 of the Sherman Act. The only difference is that, while all Plaintiffs seek injunctive relief under the federal antitrust laws, only the direct purchasers seek damages under the Sherman Act. The indirect purchasers seek damages under various state antitrust and consumer protection laws. Within the respective categories of direct and indirect purchasers, however, the classes overlap.

---

[16] Ex. 5, *Redner's Markets* Complaint ¶¶ 2–3; Ex. 6, *Govea* Complaint ¶ 3; Ex. 7, *Pollack* Complaint ¶ 74; Ex. 8, *Muro* Complaint ¶¶ 61, 92; Ex. 9, *Settecasi* Complaint ¶ 3; Ex. 10, *Pattermann* Complaint ¶ 3; Ex. 11, *King Kullen* Complaint ¶¶ 2–3.

**B. The Lawsuits Satisfy the Factors Set Forth in Local Rule 40.4(b)**

All four requirements of Local Rule 40.4(b) are also met. First, a brief review of the case dockets confirms that all are proceeding in the Northern District of Illinois, and none of the cases have substantively progressed beyond the filing of a complaint. Therefore, reassignment would not cause delay.

Second, the handling of all cases by the same judge is likely to result in a substantial saving of judicial time and effort. The cases will involve duplicative discovery of Defendants and third parties and will involve common defenses. Therefore, reassignment will save "judicial resources with respect to claim construction, adjudication of common discovery disputes, and adjudication of issues relating to validity and other defenses."[17]

Finally, the cases are susceptible to disposition in a single proceeding because they "involve fundamentally similar claims and defenses."[18] Each case alleges that Defendants have engaged in a continuing contract, combination, and conspiracy since at least 2021 to increase the price of Frozen Potato Products.

### III. CONCLUSION

WHEREFORE, Plaintiffs Rosemarie Muro, Teresa Contreras, and Aaron Lancaster respectfully request that the lawsuits, *Alexander Govea, v. National Potato Promotion Board d/b/a Potatoes USA, et al.*, No. 1:24-cv-11816 (Kennelly, J.); *Karen Pollack, v. Cavendish Farms, Ltd., et al.*, No. 24-cv-11864 (Ellis, J.); *Silviya Settecasi, v. National Potato Promotion Board d/b/a Potatoes USA, et al.*, No. 24-cv-11872 (Gottschall, J.); *King Kullen Grocery Co., v. Lamb Weston Holdings, Inc., et al.*, No. 24-cv-12076 (Alexakis, J.), and *Rosemarie Muro; Teresa Contreras;*

---

[17] *21 srl v. Enable Holdings, Inc.*, 2009 WL 4884177, at *2 (N.D. Ill. Dec. 9, 2009) (Darrah, J.).

[18] *Velocity Patent LLC*, 2014 WL 1661849, at *2.

*Aaron Lancaster v. McCain Foods, USA, Inc., et al.*, No. 24-cv-11963 (Bucklo, J.) be designated as related to *Redner's Markets, Inc., v. Lamb Weston Holdings, Inc., et al.*, No. 24-cv-11801 (Cummings, J.) pursuant to Local Rule 40.4, and reassigned to Judge Cummings, who is presiding over the earliest-numbered case. Plaintiffs also request the assignment of any future related cases to Judge Cummings.


DATED: November 26, 2024          Respectfully submitted,

By *s/ Shana E. Scarlett*
    SHANA E. SCARLETT
John M. Grant (*pro hac vice forthcoming*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
shanas@hbsslaw.com
john.grant@hbsslaw.com

Steve W. Berman (ARDC 3126833)
Breanna Van Engelen (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
steve@hbsslaw.com
breannav@hbsslaw.com

By *s/ Brent W. Johnson*
    BRENT W. JOHNSON (*pro hac vice forthcoming*)
Alison Deich (*pro hac vice forthcoming*)
Zachary R. Glubiak (*pro hac vice forthcoming*)
Alex Bodaken (*pro hac vice forthcoming*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
bjohnson@cohenmilstein.com
adeich@cohenmilstein.com

zglubiak@cohenmilstein.com
abodaken@cohenmilstein.com

*Counsel for Plaintiff Rosemarie Muro; Teresa Contreras; Aaron Lancaster and the Proposed Class*