**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| REDNER'S MARKETS, INC. )<br><br>)<br>Plaintiff, )<br><br>)<br>v. )<br><br>)<br>LAMB WESTON HOLDINGS, INC.; LAMB )<br>WESTON, INC.; LAMB WESTON BSW, )<br>LLC; LAMB WESTON/MIDWEST, INC.; )<br>LAMB WESTON SALES, INC.; MCCAIN )<br>FOODS LIMITED; MCCAIN FOODS USA, )<br>INC.; J.R. SIMPLOT CO.; CAVENDISH )<br>FARMS LTD; CAVENDISH FARMS, INC., )<br><br>)<br>Defendants. ) | Civil No. 1:24-cv-11801-JIC-GAF<br><br>Hon. Jeffrey I. Cummings |

**ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' UNOPPOSED JOINT**
**MOTION TO APPOINT INTERIM CO-LEAD COUNSEL AND PLAINTIFFS'**
**STEERING COMMITTEE**

Direct Purchaser Plaintiffs' ("DPPs") Unopposed Joint Motion to Appoint Interim Co-Lead Counsel and Plaintiffs' Steering Committee came before the Court on December 23, 2024.

DPPs moved the Court for an Order (1) appointing Lockridge Grindal Nauen PLLP, Gustafson Gluek PLLC, Scott+Scott Attorneys at Law LLP, and the Roberts Law Firm US, PC, as interim co-lead counsel ("Interim Co-Lead Counsel") and (2) appointing a Plaintiffs' Steering Committee ("PSC") consisting of Kirby McInerny, LLP and Wexler Boley & Elgersma LLP for DPP Plaintiffs and the proposed DPP Class (collectively, the "DPP Leadership Slate").

The Court has reviewed the motion and its accompanying submissions and has considered the factors outlined in Rules 23(g) of the Federal Rules of Civil Procedure and relevant case law.

The DPPs' submissions demonstrate that the proposed DPP Leadership Slate satisfies

the requirements of Rule 23(g). This includes:

>（1) the work counsel has done in identifying or investigating potential claims in the action;

>（2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

>（3) counsel's knowledge of the applicable law; and

>（4) the resources counsel will commit to representing the class; along with

>（5) other pertinent factors bearing on counsel's ability to fairly and adequately represent the interests of the class, including counsels' ability to work cooperatively with others and demonstration of commitment to diversity.

**BASED UPON THE FOREGOING AND ALL ASSOCIATED FILES AND RECORDS, IT IS HEREBY ORDERED:**

1. The DPPs' Unopposed Joint Motion to Appoint Interim Co-Lead Counsel and Plaintiffs' Steering Committee is GRANTED.

2. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following as Interim Co-Lead Counsel for the DPPs: Lockridge Grindal Nauen PLLP, Gustafson Gluek PLLC, Scott+Scott Attorneys at Law LLP, and Roberts Law Firm US, PC (collectively "Interim Co-Lead Counsel").

3. To further support the conduct of the litigation, the Court appoints the following as members of the PSC for the DPPs: Kirby McInerny LLP and Wexler Boley & Elgersma LLP.

4. Interim Co-Lead Counsel shall be responsible for the overall conduct of the litigation on behalf of all Plaintiffs and the proposed class in the DPP actions, including

providing supervision of all Plaintiffs' counsel in such DPP actions. Interim Co-Lead Counsel, in consultation and with the assistance of the PSC, shall:

a. Promote the efficient conduct of this litigation and avoid unnecessary duplication of efforts by delegating and supervising specific work assignments;

b. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of DPPs on all matters arising from pretrial proceedings;

c. Coordinate the initiation and conduct of discovery on behalf of DPPs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of interrogatories and requests for production of documents and the examination of witnesses in depositions;

d. Conduct settlement negotiations on behalf of DPPs and any proposed DPP class, but not enter into binding agreements except to the extent authorized by law;

e. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

f. Maintain adequate contemporaneous time and cost records and collect such information from co-counsel on a monthly basis;

g. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

h. Determine the amount of and collect assessments from counsel in the DPP actions for the purpose of paying the costs necessary to litigate the case;

i. Prepare any application for attorneys' fees and reimbursement of expenses

incurred by counsel in the DPP actions;

j.  Consult with and retain expert witnesses for the DPP actions;

k.  Negotiate with, retain, and manage relations with outside vendor(s) for the collection, processing, or review of documents and electronically stored information produced in discovery;

l.  To the extent consistent with their duties, and as appropriate, coordinate with counsel for any other plaintiff classes, so as to avoid duplication, inefficiency, and inconvenience to the Court, the parties, counsel, and witnesses;

m.  Make the allocation of any attorneys' fees and expenses awarded by the Court, if any; and

n.  Otherwise coordinate the work of the PSC for DPPs and perform such other duties as Interim Co- Lead Counsel deem necessary and appropriate based upon their judgment and consideration or as authorized by further Order of the Court.

5.    The PSC shall be responsible for communicating regularly with Interim Co-Lead Counsel and efficiently completing all pretrial litigation and trial work assigned by Interim Co-Lead Counsel.

6.    In no event shall any document be filed, or any discovery be served, on behalf of DPPs without the approval of Interim Co-Lead Counsel or leave of Court, and any such filing may be stricken.

7.    Interim Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any DPP, unless that authority is expressly delegated to a member of the PSC. Defendants' counsel may rely on all agreements made

4

with Interim Co-Lead Counsel for DPPs, and such agreements shall be binding on all other DPPs.

8.     Interim Co-Lead Counsel are designated as counsel for all DPP actions, upon whom all discovery, motions or other pleadings, notices, and correspondence shall be served, and Defendants shall serve papers on all DPP actions by serving the Interim Co-Lead Counsel by electronic means in compliance with the Rules and Orders of this Court. Interim Co-Lead Counsel shall be jointly responsible for maintaining a master service list of all parties and their respective counsel.

**IT IS SO ORDERED.**

Dated:   February 13, 2025

_____
HONORABLE JEFFREY I. CUMMINGS
UNITED STATES DISTRICT JUDGE