**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE FROZEN POTATO PRODUCTS ANTITRUST LITIGATION | No. 1:24-cv-11801<br>Hon. Jeffrey I. Cummings |
| Burgers Are Fun LLC,<br><br>      Plaintiff,<br><br>v.<br><br>McCain Foods USA, Inc., *et al.*,<br><br>      Defendants. | Case No. 1:25-cv-01738<br>Hon. Georgia N. Alexakis |

**UNOPPOSED LOCAL RULE 40.4 MOTION TO**
**REASSIGN CASE AS RELATED**

Pursuant to Local Rule 40.4, Plaintiff Burgers Are Fun, LLC d/b/a Wes Burger 'N' More ("Plaintiff") respectfully moves this Honorable Court to reassign this matter, *Burgers Are Fun LLC v. McCain Foods USA, Inc., et al.,* No: 1:25-cv-01738 ("*Burgers Are Fun*") to this Court.

Plaintiff filed a class action complaint in this District on February 19, 2025, individually and on behalf of indirect purchasers of frozen potato products, as related to the first-filed case, *Redner's Markets Inc. v. Lamb Weston Holdings, Inc.*, No. 1:24-cv-11801 (N.D. Ill) ("*Redner's*"), which has been renamed *"In re Frozen Potato Products*

*Antitrust Litigation.*" (*Redner's*, Dkt 60).[1] Defendants in both cases are: Lamb Weston Holdings, Inc.; Lamb Weston, Inc.; Lamb Weston BSW, LLC; Lamb Weston/Midwest, Inc.; Lamb Weston Sales, Inc.; McCain Foods Limited; McCain Foods USA, Inc.; J.R. Simplot Co.; Cavendish Farms Ltd.; and Cavendish Farms, Inc.

Copies of the *Burgers Are Fun LLC* complaint and the *Redner's* complaints are attached as Exhibits 1 and 2, respectively, to the Declaration of Stacey P. Slaughter, filed herewith. Defendants do not oppose this motion.

## ARGUMENT

Local Rule 40.4 reassignment calls for both (a) relatedness and (b) efficiency. This case and the *Redner's* case are related, and it would be efficient for both to be litigated in this Court.

**Relatedness.** Two or more civil cases may be related under Local Rule 40.4 if one or more of the following conditions are met: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." *Richburg v. Conagra Brands, Inc.*, No. 22-cv-2420, 2022 WL 16836408, at *2 (N.D. Ill. Nov. 9, 2022) (citing L.R. 40.4(a)).

These cases: (1) involve the same property as the first-filed case; (2) complain of the same price-fixing conspiracy under federal antitrust laws by Defendants' to

---

[1] This Court issued an order in *Redner's* on February 13, 2025, consolidating previously-filed related actions, designating *Redner's* the "Lead Case File," and renaming *Redner's* as "*In re Frozen Potato Products Antitrust Litigation.*" (*Redner's*, Dkt. 60).

2

unlawfully increase the prices of frozen potato products; and (3) involve many of the same issues of law because all the complaints allege an antitrust conspiracy to fix prices of frozen potato products, like the first-filed action, *Redner's*.

**Efficiency.** A case may be reassigned to the calendar of another judge pursuant to Local Rule 40.4 if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." *Id*. (citing L.R. 40.4(b)).

Both cases are proceeding in the Northern District of Illinois and reassignment would not cause delay, with each case in substantially the same very early procedural phase. Reassignment is also likely to result in a significant judicial efficiency, avoiding duplicative judicial time and effort spent where discovery and common defenses are substantially similar. In addition, the cases are susceptible to disposition in a single proceeding because they involve fundamentally similar claims and defenses.

Finally, Stacey P. Slaughter, undersigned counsel, filed a motion for leadership appointment to represent the indirect purchaser commercial and consumer plaintiffs in *Redner's*. This application was joined by DiCello Levitt LLP and Lowey Dannenberg, P.C. ("Lowey"). A complaint filed by Lowey in *Alamo's Roast Beef, Inc. v. Lamb Weston*

*Holdings, Inc., et al.*, No. 1:24-cv-12744 (N.D. Ill), has already been reassigned and consolidated in *Redner's*. (*Redner's*, Dkt. 60).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion should be GRANTED.

Dated: February 27, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Stacey P. Slaughter
　　　　　　　　　　　　　　　　　　　　Stacey P. Slaughter
　　　　　　　　　　　　　　　　　　　　Caitlin E. Keiper
　　　　　　　　　　　　　　　　　　　　**ROBINS KAPLAN LLP**
　　　　　　　　　　　　　　　　　　　　800 LaSalle Avenue, Suite 2800
　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　　　(624) 349-8500
　　　　　　　　　　　　　　　　　　　　sslaughter@robinskaplan.com
　　　　　　　　　　　　　　　　　　　　ckeiper@robinskaplan.com

　　　　　　　　　　　　　　　　　　　　Samuel J. Strauss
　　　　　　　　　　　　　　　　　　　　**STRAUSS BORRELLI PLLC**
　　　　　　　　　　　　　　　　　　　　One Magnificent Mile
　　　　　　　　　　　　　　　　　　　　980 N Michigan Avenue, Suite 1610
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60611
　　　　　　　　　　　　　　　　　　　　(872) 263-1100
　　　　　　　　　　　　　　　　　　　　sam@straussborrelli.com