**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE FROZEN POTATO PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*All Commercial Indirect Purchaser Actions* | Case No.: 1:24-cv-11801<br><br>Judge: Jeffrey L. Cummings<br><br>Magistrate Judge Gabriel A. Fuentes |

**ORDER APPOINTING FREED KANNER LONDON & MILLEN LLC AND PEARSON WARSHAW, LLP AS CO-LEAD COUNSEL AND HART MCLAUGHLIN & ELDRIDGE AS LIAISON COUNSEL FOR THE COMMERCIAL INDIRECT PURCHASER PLAINTIFFS**

This matter having come before the Court regarding the appointment of interim lead class counsel for the Commercial Indirect Purchaser Plaintiffs ("Commercial Plaintiffs") in the above entitled action. Based upon all files, records, and proceedings herein, and for the reasons set forth in Court's order appointing interim co-lead counsel dated August 20, 2025 (ECF No. 167),

**IT IS HEREBY ORDERED** as follows:

1. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints Freed Kanner London & Millen LLC and Pearson Warshaw, LLP as the as Interim Co-Lead Counsel for the Commercial Plaintiffs (collectively "Interim Co-Lead Counsel").

2. To further support the conduct of the litigation, the Court appoints Hart McLaughlin & Eldridge, LLC as Liaison Counsel for the Commercial Plaintiffs.

3. Interim Co-Lead Counsel shall be responsible for the overall conduct of the litigation on behalf of all Commercial Plaintiff actions, including providing supervision of all Plaintiffs' counsel in such Commercial Plaintiff actions. Interim Co-Lead Counsel, in consultation and with the assistance of Liaison Counsel, shall:

1

a. Promote the efficient conduct of this litigation and avoid unnecessary duplication of efforts by delegating and supervising specific work assignments;

b. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Commercial Plaintiffs on all matters arising from pretrial proceedings;

c. Coordinate the initiation and conduct of discovery on behalf of Commercial Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of interrogatories and requests for production of documents and the examination of witnesses in depositions;

d. Conduct any settlement negotiations on behalf of Commercial Plaintiffs and any proposed Commercial Plaintiff class, and enter into settlement agreements on behalf of the Commercial Plaintiff class to the extent permitted by law;

e. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

f. Maintain adequate contemporaneous time and cost records and collect such information from counsel for the Commercial Plaintiffs on a monthly basis;

g. Monitor the activities of counsel for the Commercial Plaintiffs to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

h. Determine the amount of and collect assessments from counsel in the Commercial Plaintiff actions for the purpose of paying the costs necessary to litigate the case;

i. Prepare any application for attorneys' fees and reimbursement of expenses incurred by counsel in the Commercial Plaintiff actions;

j. Consult with and retain expert witnesses for the Commercial Plaintiff actions;

k. Negotiate with, retain, and manage relations with outside vendor(s) for the collection, processing, or review of documents and electronically stored information produced in discovery;

l. To the extent consistent with their duties, and as appropriate, coordinate with counsel for any other plaintiff classes, so as to avoid duplication, inefficiency, and inconvenience to the Court, the parties, counsel, and witnesses;

m. Make the allocation of any attorneys' fees and expenses awarded by the Court, if any; and

  n. Otherwise coordinate the work of Liaison Counsel for Commercial Plaintiff and perform such other duties as Interim Co-Lead Counsel deem necessary and appropriate based upon their judgment and consideration or as authorized by further Order of the Court.

4. Liaison Counsel shall be responsible for communicating regularly with Interim Co- Lead Counsel and efficiently completing all pretrial litigation and trial work assigned by Interim Co-Lead Counsel.

5. In no event shall any document be filed, or any discovery be served, on behalf of Commercial Plaintiffs without the approval of Interim Co-Lead Counsel or leave of Court, and any such filing may be stricken.

6. Interim Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any Commercial Plaintiff, unless that authority is expressly delegated by Interim Co-Lead Counsel to Liaison Counsel or other counsel representing Commercial Plaintiffs. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel for Commercial Plaintiffs, and such agreements shall be binding on all other Commercial Plaintiffs.

7. Interim Co-Lead Counsel are designated as counsel for all Commercial Plaintiff actions, upon whom all discovery, motions or other pleadings, notices, and correspondence shall be served, and Defendants shall serve papers on all Commercial Plaintiff actions by serving the Interim Co-Lead Counsel by electronic means in compliance with the Rules and Orders of this Court. Interim Co-Lead Counsel shall be jointly responsible for maintaining a master service list of all parties and their respective counsel.

**IT IS SO ORDERED.**

**Date: August 27, 2025**

                _____
                HONORABLE JEFFREY I. CUMMINGS
                UNITED STATES DISTRICT JUDGE