**APPENDIX A – Grounds to Deny Defendants' Motion to Dismiss IPPs' State Law Claims**

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | **Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims** | **Plaintiffs Have Established Article III Standing** | **Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce** | **Other Reasons** |
| Alabama | Alabama Antitrust Act Ala. Code §§ 6-5-60, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | Plaintiffs plead that a nationwide conspiracy artificially increased the prices of Frozen Potato Products. This District follows the majority view of federal courts that nationwide conspiracy allegations satisfy any intrastate commerce requirements. *See, e.g.*, *Sandee's Catering v. Agri Stats, Inc.*, 2020 WL 6273477, at *7 (N.D. Ill. Oct. 26, 2020); *see also In re Broiler Chicken Antitrust Litig.*, 290 | State law prohibition on class actions is procedural in nature and FRCP 23 controls in federal courts. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) and cases cited at Opp. § VI.B. |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
| --- | --- | --- | --- | --- | --- |
| | | **Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims** | **Plaintiffs Have Established Article III Standing** | **Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce** | **Other Reasons** |
| | | | | F. Supp. 3d 772, 816 (N.D. Ill. 2017). | |
| Arizona | Arizona Uniform State Antitrust Act Ariz. Rev. Stat. Ann. §§ 44-1401, et seq. | | | | |
| Arkansas | Arkansas Deceptive Trade Practices Act Ark. Code Ann. §§ 4-88-101, et seq. (Consumer Protection) | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| California | California Cartwright Act Cal. Bus. & Prof. Code § 16700, et seq. (Antitrust) | | | | |
| California | California Unfair Competition Law Cal. Bus. & Prof. Code § 17200, et seq. (Consumer Protection) | | | | |

---

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | **Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims** | **Plaintiffs Have Established Article III Standing** | **Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce** | **Other Reasons** |
| Colorado | Colorado Antitrust Act Colo. Rev. Stat. §§ 6-4-101, et seq. | | | | |
| Colorado | Colorado Consumer Protection Act Colo. Rev. Stat. §§ 6-1-101, et seq. | Plaintiffs' claim begins on the effective date of Colorado's repeal of *Illinois Brick* (June 7, 2023). *See Mass. Laborers' Health & Welfare Fund v. Boehringer Ingelheim Pharms., Inc.*, 783 F. Supp. 3d 417, 448 (D. Mass. 2025); *In re Fragrance Direct Purchaser Antitrust Litig.*, 2025 WL 579639, at *19 (D.N.J. Feb. 28, 2025). | | | |
| Connecticut | Connecticut Antitrust Act Conn. Gen. Stat. §§ 35-24, et seq. | | | | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| District of Columbia | District of Columbia Antitrust Act D.C. Code §§ 28-4501, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | Plaintiffs plead that a nationwide conspiracy artificially increased the prices of Frozen Potato Products. This District follows the majority view of federal courts that nationwide conspiracy allegations satisfy any intrastate commerce requirements. *See, e.g.*, *Sandee's Catering v. Agri Stats, Inc.*, 2020 WL 6273477, at *7 (N.D. Ill. Oct. 26, 2020); *see also In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772, 816 (N.D. Ill. 2017). | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| District of Columbia | District of Columbia Consumer Protection Act D.C. Code §§ 28-3901, et seq. | | | | Commercial Plaintiffs properly allege claims under state consumer protection statutes. *See Pa. Emp. Benefit Trust Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 482-83 (D. Del. 2020); *Slobin v. Henry Ford Health Care*, 666 N.W.2d 632, 635 (Mich. 2003); *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 495 F. Supp. 2d 1027, 1033-34 (N.D. Cal. 2007). *See also* Opp. § VI.D. |
| Florida | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. §§ 501.201, et seq. (Consumer Protection) | IPPs' allegations are sufficient to state a claim under the FDUTPA. *See, e.g., In re Capacitors Antitrust Litig.*, 2018 | | | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| | | WL 4558265, at *3 (N.D. Cal. Sep. 20, 2018) ("plain language of FDUTPA does not rule out IPPs' allegations[]"); *In re Liquid Aluminum Sulfate Antitrust Litig.*, 2017 WL 3131977, at *23 (D.N.J. Jul. 20, 2017) (properly alleged Sherman Act violations sufficient to constitute deceptive or unfair conduct under FDUTPA). | | | |
| Hawaii | Hawaii Antitrust Law Haw. Rev. Stat. Ann. §§ 480-1, et seq | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |

¹ Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| Illinois | Illinois Antitrust Act 740 Ill. Comp. Stat. §§ 10/1, et seq. | | | | State law prohibition on class actions is procedural in nature and FRCP 23 controls in federal courts. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) and cases cited at Opp. § VI.B. |
| Illinois | Illinois Consumer Fraud and Deceptive Business Practices Act 815 Ill. Comp. Stat. Ann. §§ 505/1, et seq. | | | | |
| Iowa | Iowa Competition Law Iowa Code §§ 553.1, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| Kansas | Kansas Restraint of Trade Act Kan. Stat. Ann. §§ 50-101, et seq. (Antitrust) | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| Maine | Maine Antitrust Statute Me. Stat. Tit. 10 §§ 1101, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| Maryland | Maryland Antitrust Act Md. Code Com. Law §§ 11-204, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | Plaintiffs plead that a nationwide conspiracy artificially increased the prices of Frozen Potato Products. This District follows the majority view of federal courts that nationwide conspiracy allegations satisfy any intrastate commerce | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|-------|-----------|-------------------------------------|--|--|--|
| | | **Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims** | **Plaintiffs Have Established Article III Standing** | **Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce** | **Other Reasons** |
| | | | | requirements. *See, e.g.*, *Sandee's Catering v. Agri Stats, Inc.*, 2020 WL 6273477, at *7 (N.D. Ill. Oct. 26, 2020); *see also In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772, 816 (N.D. Ill. 2017). | |
| Massachusetts | Massachusetts Consumer Protection Law Mass. Gen. Laws Ch. 93A §§ 1, et seq. (Consumer Protection) | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | Plaintiffs' Massachusetts claim should not be dismissed for failure to provide requisite notice. *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 834-35 (E.D. Pa. 2019); Massachusetts General Laws chapter 93A, section 9(3). *See* Opp. § VI.G. |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| Michigan | Michigan Antitrust Reform Act Mich. Comp. Laws §§ 445.771, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| Michigan | Michigan Consumer Protection Act Mich. Comp. Laws §§ 445.903, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | Statute is remedial and should be construed broadly. *Price v. Long Realty, Inc.*, 502 N.W.2d 337, 342 (Mich. Ct. App. 1993).<br><br>Statute applies to antitrust violations and, to the extent required, IPPs sufficiently allege deception or misrepresentation. *See* Opp. § VI.C. |
| Minnesota | Minnesota Antitrust Law Minn. Stat. §§ 325d.49, et seq. | | | | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| Minnesota | Minnesota Deceptive Trade Practices Act Minn. Stat. §§ 325d.43, et seq. (Consumer Protection) | | | | Statute applies to antitrust violations and, to the extent required, IPPs sufficiently allege deception or misrepresentation. *See* Opp. § VI.C. |
| Mississippi | Mississippi Antitrust Law Miss. Code Ann. §§ 75-21-1, et seq. | | | Plaintiffs plead that a nationwide conspiracy artificially increased the prices of Frozen Potato Products. This District follows the majority view of federal courts that nationwide conspiracy allegations satisfy any intrastate commerce requirements. *See, e.g.*, *Sandee's Catering v. Agri Stats, Inc*., 2020 WL | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| | | | | 6273477, at *7 (N.D. Ill. Oct. 26, 2020); *see also In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772, 816 (N.D. Ill. 2017). | |
| Montana | Montana Consumer Protection Act Mont. Code, §§ 30-14-101, et seq. | Plain language of statute and "Montana's strong policy favoring access to courts" renders *Illinois Brick* inapplicable. *See Mass. Laborers' Health & Welfare Fund v. Boehringer Ingelheim Pharms., Inc.*, 783 F. Supp. 3d 417, 444 (D. Mass. 2005; *Olson v. Microsoft Corp.*, 2001 WL 36083232, at *1 (Mont. Dist. Ct. Feb. 15, 2001) ("There is nothing in | Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | State law prohibition on class actions is procedural in nature and FRCP 23 controls in federal courts. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) and cases cited at Opp. § VI.B. |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| | | the statute which limits or restricts an injured person to a direct purchaser."). | | | |
| Nebraska | Nebraska Junkin Act Neb. Rev. Stat. §§ 59-801, et seq. (Criminal Antitrust) | | Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| Nebraska | Nebraska Deceptive Trade Practices Act Neb. Rev. Stat. §§ 59-1601, et seq. (Civil Antitrust and Consumer Protection) | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| Nevada | Nevada Unfair Trade Practices Act Nev. Rev. Stat. §§ 598A, et seq. (Antitrust) | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| Nevada | Nevada Deceptive Trade Practices Act Nev. Rev. Stat. §§ 598.0903, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. | | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| | (Consumer Protection) | | *See* Opp. § VI.E. | | |
| New Hampshire | New Hampshire Antitrust Law N.H. Rev. Stat. §§ 356:1, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| New Hampshire | New Hampshire Consumer Protection Act N.H. Rev. Stat. §§ 358-A:1, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| New Jersey | New Jersey Antitrust Act N.J. Stat. Ann. §§ 56-9-3, et seq. | Plaintiffs' claim begins on the effective date of New Jersey's repeal of *Illinois Brick* (Aug. 5, 2022). *See Mass. Laborers' Health & Welfare Fund v. Boehringer* | Consumer Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| | | *Ingelheim Pharms., Inc.*, 783 F. Supp. 3d 417, 448 (D. Mass. 2025); *In re Fragrance Direct Purchaser Antitrust Litig.*, 2025 WL 579639, at *19 (D.N.J. Feb. 28, 2025). | | | |
| New Jersey | New Jersey Consumer Fraud Act N.J. Stat. Ann. §§ 56-8-2, et seq. | | | | |
| New Mexico | New Mexico Antitrust Law N.M. Stat. Ann. §§ 57-1-1, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| New Mexico | New Mexico Unfair Practices Act N.M. Stat. Ann. §§ 57-12-1, et seq. (Consumer Protection) | | Commercial Indirect Plaintiffs have established Article III standing. | | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | **Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims** | **Plaintiffs Have Established Article III Standing** | **Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce** | **Other Reasons** |
| | | | *See* Opp. § VI.E. | | |
| New York | New York Donnelly Act N.Y. Gen. Bus. Law §§ 340, et seq. (Antitrust) | | | | |
| North Carolina | North Carolina Unfair Trade and Business Practices Act N.C. Gen. Stat. §§ 75-1, et seq. (Antitrust and Consumer Protection) | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| North Dakota | North Dakota Uniform State Antitrust Act N.D. Cent. Code §§ 51-08.1-01, et seq. | | Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| North Dakota | North Dakota Unfair Trade Practices Law N.D. Cent. Code §§ 51-10, et seq. | | Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| | (Consumer Protection) | | | | |
| Oregon | Oregon Antitrust Law Or. Rev. Stat. §§ 646.705, et eq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| Oregon | Oregon Unlawful Trade Practices Act Or. Rev. Stat. §§ 646.605, et seq. (Consumer Protection) | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | Statute applies to antitrust violations and, to the extent required, IPPs sufficiently allege deception or misrepresentation. *See* Opp. § VI.C. Commercial Plaintiffs properly allege claims under state consumer protection statutes. *See Pa. Emp. Benefit Trust Fund v.* |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| | | | | | *Zeneca, Inc.*, 710 F. Supp. 2d 458, 482-83 (D. Del. 2020); *Slobin v. Henry Ford Health Care*, 666 N.W.2d 632, 635 (Mich. 2003); *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 495 F. Supp. 2d 1027, 1033-34 (N.D. Cal. 2007). *See also* Opp. § VI.D. |
| Puerto Rico | Puerto Rico Antitrust Act Pr. Laws Ann. Tit. 10, Ch. 13, §§ 257, et seq. | | Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| Rhode Island | Rhode Island Antitrust Law R.I. Gen. Laws §§ 6-36-1, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| Rhode Island | Rhode Island Unfair Trade Practices and Consumer Protection Act R.I. Gen. Laws §§ 6-13.1-1, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | Statute is remedial and should be construed broadly. *Long v. Dell, Inc.*, 93 A.3d 988, 1000 (R.I. 2014).<br><br>Statute applies to antitrust violations and, to the extent required, IPPs sufficiently allege deception or misrepresentation. *See* Opp. § VI.C. |
| South Dakota | South Dakota Antitrust Law S.D. Cod. Laws §§ 37-1-3.1, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | Plaintiffs plead that a nationwide conspiracy artificially increased the prices of Frozen Potato Products. This District follows the majority view of federal courts that nationwide conspiracy | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
| --- | --- | --- | --- | --- | --- |
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| | | | | allegations satisfy any intrastate commerce requirements. *See, e.g.*, *Sandee's Catering v. Agri Stats, Inc.*, 2020 WL 6273477, at *7 (N.D. Ill. Oct. 26, 2020); *see also In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772, 816 (N.D. Ill. 2017). | |
| South Dakota | South Dakota Deceptive Trade Practices and Consumer Protection Act S.D. Cod. Laws §§ 37-24-1, et seq. | | Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | Statute applies to antitrust violations and, to the extent required, IPPs sufficiently allege deception or misrepresentation. *See* Opp. § VI.C. |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| Tennessee | Tennessee Trade Practices Act Tenn. Code Ann. §§ 47-25-101, et seq. (Antitrust) | | | Plaintiffs plead that a nationwide conspiracy artificially increased the prices of Frozen Potato Products. This District follows the majority view of federal courts that nationwide conspiracy allegations satisfy any intrastate commerce requirements. *See, e.g.*, *Sandee's Catering v. Agri Stats, Inc.*, 2020 WL 6273477, at *7 (N.D. Ill. Oct. 26, 2020); *see also In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772, 816 (N.D. Ill. 2017). | State law prohibition on class actions is procedural in nature and FRCP 23 controls in federal courts. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) and cases cited at Opp. § VI.B. |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
| --- | --- | --- | --- | --- | --- |
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| Utah | Utah Antitrust Act Utah Code Ann. §§ 76-16-501, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | |
| Vermont | Vermont Consumer Fraud Act Vt. Stat. Ann. tit. 9 §§ 2451, et seq. (Antitrust and Consumer Protection) | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | | Commercial Plaintiffs properly allege claims under state consumer protection statutes. *See Pa. Emp. Benefit Trust Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 482-83 (D. Del. 2020); *Slobin v. Henry Ford Health Care*, 666 N.W.2d 632, 635 (Mich. 2003); *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 495 F. Supp. 2d 1027, 1033-34 (N.D. Cal. 2007). *See also* Opp. § VI.D. |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims | Plaintiffs Have Established Article III Standing | Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce | Other Reasons |
| West Virginia | West Virginia Antitrust Act W. Va. Code §§ 47-18-1, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | Plaintiffs plead that a nationwide conspiracy artificially increased the prices of Frozen Potato Products. This District follows the majority view of federal courts that nationwide conspiracy allegations satisfy any intrastate commerce requirements. *See, e.g.*, *Sandee's Catering v. Agri Stats, Inc.*, 2020 WL 6273477, at *7 (N.D. Ill. Oct. 26, 2020); *see also In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772, 816 (N.D. Ill. 2017). | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.

| State | State Law | Basis for Denying Motion to Dismiss | | | |
|---|---|---|---|---|---|
| | | **Illinois Brick Does Not Bar Any of IPPs' Antitrust Claims** | **Plaintiffs Have Established Article III Standing** | **Plaintiffs Have Sufficiently Pled the Requisite Effects on Intrastate Commerce** | **Other Reasons** |
| Wisconsin | Wisconsin Antitrust Act Wis. Stat. §§ 133.01, et seq. | | Commercial Indirect Plaintiffs have established Article III standing. *See* Opp. § VI.E. | Plaintiffs plead that a nationwide conspiracy artificially increased the prices of Frozen Potato Products. This District follows the majority view of federal courts that nationwide conspiracy allegations satisfy any intrastate commerce requirements. *See, e.g.*, *Sandee's Catering v. Agri Stats, Inc.*, 2020 WL 6273477, at *7 (N.D. Ill. Oct. 26, 2020); *see also In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772, 816 (N.D. Ill. 2017). | |

[1] Blank cells indicate that Defendants do not raise this argument in their Joint Motion to Dismiss or Appendix A thereto.